UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

MICHAEL RECK, )
)
    Plaintiff, )
)
    -vs- )      No. 3:16-cv-1141-RJD
)
WEXFORD HEALTH SOURCES, INC., )
et al., )
)
    Defendants. )

## PROTECTIVE ORDER

NOW COME Defendants, TONYA SMITH and GAIL WALLS, by and through their attorney, KWAME RAOUL, Attorney General of the State of Illinois, and hereby seek entry of a Protective Order relative to documents concerning medical compliance, audits, and reviews.    A Protective Order is necessary and appropriate pursuant to the terms of Rule 26(c) of the Federal Rules of Civil Procedure to maintain the confidentiality required to encourage professional participation in internal compliance, audit, and review procedures.  Counsel for all Parties have consented to this Order.  The Court, being fully advised in the premises, **GRANTS** the Motion for Protective Order (Doc. 131) and it is hereby **ORDERED**:

1.    Copies of documents that relate to the review of medical policies, procedures, audits, monthly quality improvement meetings, and other forms of medical compliance issues that are disclosed and labeled as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be protected and given confidential treatment as described in this Order.

2.    Plaintiff's counsel can obtain a copy of such documents but must comply with all other provisions herein.  Plaintiff's counsel may not provide Plaintiff with copies of such documents.

3.     The protected documents shall be maintained in confidence by counsel and shall not be disclosed to any person except:

    a.     This Court and its officers;

    b.     Stenographic reporters;

    c.     Counsel for Defendants;

    d.     Defendants;

    e.     Employees of counsel; and

    f.     Experts retained in this litigation.

4.     Except as otherwise provided by this Order or by further order of the Court, the protected documents shall be used for no purpose other than prosecuting or defending the above-captioned proceeding and shall be disclosed in the manner provided in and only to the persons identified in Paragraph 3, and they shall not be used in any other civil case, criminal case, litigation, or matter.

5.     Any party may apply to the Court for relief from, or modification of, this Order.

6.     After the production of the protected documents, counsel for any Party may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the Party disclosing or producing the protected documents.  If the Parties are unable to reach an agreement as to the designation of the document, the Parties are entitled to request that the Court determine whether the document is properly designated as Confidential.

7.     This Order is without prejudice to the rights of any Party to object to the production of documents or information that it considers to be privileged, irrelevant or immaterial, and shall not be considered a waiver of any applicable privilege or immunity from discovery or as a concession by the designated Party that such information is relevant or material to any issue.

8.      This Order shall not prevent the protected documents from being used by the Court or counsel of record at any trial or other proceeding in this action only, subject to such confidentiality provisions as the Court may then prescribe.

9.      This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled, vacated or otherwise modified by order of this Court.  Anyone with knowledge of the contents of this order shall be bound by its terms.

**IT IS SO ORDERED.**

**DATED:  February 8, 2019**

s/ *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**