IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL RECK, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 16-cv-1141-RJD |
| | ) |
| WEXFORD HEALTH SOURCES, INC. et al., | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on the discovery dispute conference held on February 25, 2019. The parties discussed Defendant Trost's responses to Plaintiff's First and Second Interrogatories. Defendant Trost filed a Motion for Leave to File Written Response to Plaintiff's Oral Motion to Compel Dr. Trost's Interrogatories (Doc. 136). The Court heard argument during the discovery dispute conference and further briefing is not necessary. Defendant's motion is **DENIED**.

Under the Federal Rules of Civil Procedure, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* The standard for discovery under Rule 26(b)(1) is widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts. *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). The Seventh Circuit has recognized a trial court's "broad discretion over

discovery matters." *Spiegla v. Hull*, 371 F.3d 928, 944 (7th Cir. 2004).

The following Interrogatories and Answers are in dispute:

**Interrogatory #2:** Have you ever been named as a defendant in a lawsuit arising from alleged constitutional rights violations, malpractice, or professional negligence? If so, state the court, the caption and case number for each lawsuit.

Defendant objects to this request as overbroad, unduly burdensome, not limited in scope or subject matter and seeks information that is not relevant to any claim or defense and proportional to the needs of the case.

The Court finds this interrogatory is not proportional to the needs of the case.

**Interrogatory #5:** Has any disciplinary action ever been taken against you in reference to your employment with Wexford Health Sources, Inc.? ("Wexford") If so, state the specific disciplinary action, the date of the disciplinary action, the reason for the disciplinary action, the period of time for which the disciplinary action was effective and the name and addresses of the disciplinary entity taking the action.

Defendant objects to this request as overbroad, unduly burdensome, not limited in scope or subject matter and seeks information that is not relevant to any claim or defense and proportional to the needs of the case. Subject to the objections, Defendant stated that he received several "write-ups" from Wexford, and was subsequently terminated for reasons that do not pertain to the provision of medical care to inmates.

The Court finds this information may be relevant to the allegations of this case. Defendant Trost is **ORDERED** to supplement his response to this interrogatory and provide any specific disciplinary action taken against him during the time period of 2015 – 2017, the date(s) of disciplinary action, and the reason for the disciplinary action. Defendant may file a motion for protective order should he believe it necessary and appropriate under the circumstances.

**Interrogatory #12:** Please explain when you first learned of Plaintiff's Crohn's disease, including (1) the date; and, if applicable, (b) the identities of the person(s) who informed you of Plaintiff's condition.

Defendant responded, "Please see Plaintiff's medical records." Defendant Trost is **ORDERED** to supplement his response indicating whether he has any independent recollection outside the medical records and citing the Bates numbers of relevant medical records.

**Interrogatory #13:** Please describe all interactions and/or communications between you and Plaintiff including, but not limited to, a formal medical evaluation, and for every such interaction and/or communication list your knowledge of Plaintiff's then-existing medical condition.

Defendant objects to this request as overbroad, unduly burdensome, not limited in scope or subject matter and seeks information that is not relevant to any claim or defense and proportional to the needs of the case. Defendant further states that his interactions and/or communications with Plaintiff and his knowledge of Plaintiff's then-existing medical condition are contained in Plaintiff's medical record.

Defendant Trost is **ORDERED** to supplement his response clarifying whether he has any independent recollection of interaction and/or communication with the Plaintiff other than that which is contained in Plaintiff's medical records.

**Interrogatory #14:** Please explain what training, if any, you have received regarding chronic care in the last ten years.

Defendant objects to this request as overbroad, unduly burdensome, not limited in scope or subject matter and seeks information that is not relevant to any claim or defense and proportional to the needs of the case. Subject to the objection, Defendant Trost states that he fulfilled the required Illinois Continuing Medical Education credits.

Defendant Trost is **ORDERED** to supplement his response listing any completed continuing medical education credits relevant to chronic care.

**Interrogatory #15:** Please explain why an inmate would be enrolled in a chronic care clinic and/or placed on an individualized treatment plan.

Defendant objects to this request as an incomplete hypothetical, overbroad, unduly burdensome, not limited in scope or subject matter and seeks information that is not relevant to any claim or defense and proportional to the needs of the case. Subject to the objection, Defendant Trost cites to IDOC Administrative Directive 04.03.105 and the corresponding Institutional Directive.

The Court finds Defendant provided an adequate response to this question.

**Interrogatories #16 - #18**

Defendant objects to answering further interrogatories because the Court's Scheduling Order (Doc. 25) limited Plaintiff to 15 interrogatories. Plaintiff is granted leave to propound up to 25 interrogatories. Defendant Trost is **ORDERED** to provide responses to Interrogatories #16 through #18.

Defendant Trost is **ORDERED** to supplement his responses to these interrogatories by **March 11, 2018**.

**IT IS SO ORDERED.**

**DATED:** February 25, 2019

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**