IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL RECK, )
)
    Plaintiff, )
)
v. ) Case No. 16-cv-1141-RJD
)
WEXFORD HEALTH SOURCES, INC. et )
al., )
)
    Defendants. )

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Michael Reck is an inmate in the Illinois Department of Corrections. Summary judgment was granted in this matter in favor of Defendants on July 9, 2019. Judgment was entered on July 10, 2019.

Now pending before the Court is the Bill of Costs (Doc. 174) filed by Defendants Tonya Smith and Gail Walls ("IDOC Defendants") and the Bill of Costs (Doc. 179) filed by Defendants Barbara Winter, Jana South, John Trost, and Wexford Health Sources, Inc. ("Wexford Defendants"). IDOC Defendants seek to have Plaintiff pay $1,245.65 for deposition transcripts used in defending the case. Wexford Defendants seeks to have Plaintiff pay $5,889.30 for deposition transcripts used in defending the case. Defendants provided receipts evidencing the cost of obtaining the deposition transcripts. Plaintiff filed a Combined Objection (Doc. 188) on August 5, 2019. Plaintiff argues he is indigent and unable to pay these costs now and in the future. Plaintiff also argues Wexford Defendants failed to provide a supporting affidavit explaining why expedited transcript costs were necessary in this action.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs — other than attorney's fees

— should be allowed to the prevailing party" unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Recoverable costs under 28 U.S.C. § 1920 include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920(1)-(6). "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006).

The denial of costs may be warranted if the losing party is indigent and has no ability to pay. *Id.* To deny a bill of costs on the grounds of indigence, "the district court must make a threshold factual finding that the losing party is 'incapable of paying the court-imposed costs at this time or in the future.'" *Id.* at 635 (quoting *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994)). "The burden is on the losing party to provide the district court with sufficient documentation to support such a finding." *Id.* (internal quotations omitted). Next, the district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs." *Id.*

Plaintiff was granted *pauper* status when this action commenced, and he has been continuously incarcerated throughout the course of this litigation (Doc. 4). However, despite his *pauper* status, Plaintiff attested on July 29, 2019 that he had approximately $322.04 in his trust fund account. A review of his trust fund account statement detailing transactions from February 2019 through July 2019 reveals he had a balance of $322.04 as of July 22, 2019 (Doc. 177 at 7-8).

Based on a review of Plaintiff's evidence, the Court cannot find that Plaintiff is incapable of paying some court-imposed costs in this case.

The Court also finds that this action was not frivolous and involved important constitutional rights under the Eighth Amendment. The Court believes Plaintiff's pursuit of this action was in good faith even though he did not prevail, but that he should not be completely relieved of the obligation to pay Defendants' costs.

For these reasons, the Court **OVERRULES** Plaintiff's objection to costs, but will reduce the amount of costs to $64.40. This amount represents 20% of Plaintiff's trust fund account balance in July 2019 and is consistent with the Court's approach for its collection of filing fees under 28 U.S.C. § 1915(b)(1). The Court **ORDERS** an award of costs in the amount of $32.20 to Defendants Smith and Walls and $32.20 to Defendants Winter, South, Trost, and Wexford.

**IT IS SO ORDERED.**

**DATED: August 7, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**